UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DATA PROCESSING SCIENCES CORP., | : : : | Case No. 1:16-cv-295 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| vs. | : : | |
| LUMENATE TECHNOLOGIES, LP, | : : | |
| Defendant. | : | |

**ORDER DENYING PLAINTIFF'S MOTION
FOR PRE-JUDGMENT ATTACHMENT (Doc. 5)**

This civil case is currently before the Court on Plaintiff Data Processing Sciences, Corporation ("DPS")'s motion for pre-judgment attachment. (Doc. 5). Following an informal conference with the Court pursuant to S.D. Ohio Civ. R. 65.1, the parties filed responsive memoranda. (Docs. 15, 18, 20, 21). On April 18, 2016, the Court heard oral argument on the motion. The Court held the motion in abeyance after the parties reached a standstill agreement. However, the standstill agreement expires tomorrow on June 7, 2016, and the parties advised the Court one business day ago that they were unable to negotiate an extension. (Doc. 23 at 1). Accordingly, DPS filed an emergency motion for a ruling on the motion for pre-judgment attachment (Doc. 23) and the parties filed responsive memoranda (Docs. 24, 25).

### I. BACKGROUND FACTS

Defendant Lumenate Technologies, LP is a Texas limited partnership which has been registered as a "foreign limited partnership" with the Ohio Secretary of State since

April 12, 2013.  (Doc. 9-1).  Lumenate regularly conducts business in Ohio and has a registered agent in Cleveland, Ohio.  (*Id.*)  On July 31, 2013, DPS sold Lumenate some of the operating assets of its business pursuant to the terms of an Asset Purchase Agreement ("APA").  (Case No. 1:14cv740, Doc. 10-1, Ex. C).

On February 7, 2014, Lumeante sued RDI Marketing Services, Inc. and several of its employees in this Court.  (Case No. 1:14cv125, Doc. 1).  Lumenate's claims arose from non-compete agreements with RDI's employees with alleged damages based in both contract and tort.  (*Id.*)  The case is scheduled for a jury trial in this Court on August 1, 2016.  According to DPS, Lumeante's pending claims against RDI are its only valuable assets.  (Doc. 5).

On August 18, 2014, DPS filed a complaint against Lumenate Technologies, LP and Lumenate LLC in the Hamilton County Ohio Court of Common Pleas seeking to recover on a $4.5 million promissory note.  (Case No. 1:14cv740, Doc. 2).  The Lumenate parties removed the case to this Court based on federal diversity jurisdiction and filed counterclaims against DPS.  (*Id.*, Doc. 1).  This Court ordered that the counterclaims be arbitrated and stayed proceedings with respect to DPS's claim on the Note until the parties' arbitration concluded.  (*Id.*, Doc. 22).  The hearing concluded on February 27, 2016, and on March 11, 2016, the arbitrator issued an award in favor of DPS in the sum of $4,141,927.  (*See* Case No. 1:16cv387, Doc. 1).

On February 8, 2016, DPS filed an identical lawsuit against Lumenate in the Hamilton County Court of Common Pleas seeking to recover on the Note.  (*Compare* Case No. 1:16cv295 at Doc. 4 and Case No. 1:14cv740 at Doc. 2).  Simultaneously with

filing the lawsuit, DPS requested pre-judgment attachment of the RDI claim, seeking to attach or "freeze" Lumenate from transferring or encumbering its interest in the pending RDI claim. (Doc. 5).

On March 11, 2016, the arbitrator determined that DPS breached the APA, but because Lumenate had failed to evidence damages, Lumenate was not entitled to set-off. (Case No. 1:16cv387, Doc. 1-1 at 6-8). Furthermore, the arbitrator granted DPS's counterclaim on the Note and awarded DPS $4,141,927, plus interest. (*Id.* at 10-11). Subsequently, this Court found that the arbitrator lacked authority to decide DPS's counterclaim. (*Id.* at 15 at 6). Accordingly, the Court vacated the award relating to DPS's counterclaim because the arbitrator's award exceeded the limits of his contractual authority. (*Id.*) The Court determined that the counterclaim involved questions of fact to be resolved at trial. (Case No. 1:14cv740, Doc. 26).

DPS moves the Court to issue pre-judgment attachment (garnishment) of Lumenate's potential judgment against RDI. DPS alleges that the relief is necessary to maintain the status quo and preserve Lumenate's assets pending adjudication of DPS's claim on the Note. Lumenate argues that DPS is not entitled to extraordinary relief because: (1) DPS's attempt to attach Lumenate's pending RDI claim is contrary to the express language and purpose of Ohio Revised Code Sections 2715.01(A) and 1703.20; and (2) DPS cannot establish probable cause to support the motion.

II.  **STANDARD OF REVIEW**

Ohio state law governs whether a federal court can grant the extraordinary relief of pre-judgment attachment. Fed. R. Civ. P. 64 ("[E]very remedy is available that, under

3

the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.  But a federal statute governs to the extent it applies.").  Since there is no controlling federal statute, Ohio federal courts apply Ohio law "to determine if prejudgment attachment is appropriate." *Nationwide Mut. Ins. Co. v. Whiteford Sys., Inc.*, 787 F. Supp. 766, 758 (S.D. Ohio 1992).

The plaintiff carries the burden of proof when seeking pre-judgment attachment. *Heald v. Coebel*, 96 N.E.2d 208, 212 (Ohio App. 1950).  Under Ohio Revised Code Section 2715.043(B), a court can grant an order of attachment only "if it finds, on the basis of the affidavit and, if applicable, the evidence presented at the hearing, that there is probable cause to support the motion."[1]

### III.   ANALYSIS

#### A.   Statutory Language

Ohio Revised Code Section 2715.01(A)(1) "[e]xcept[s] foreign corporations which by compliance with the law therefore are exempted from attachment …" Lumenate argues that all business entities (not just corporations) fall under Section 2715.01(A)(1), and therefore it is exempt from attachment.[2]  DPS argues that Lumenate is a limited partnership, not a corporation, and therefore is not subject to the foreign corporation exception.

---

[1] Ohio Rev. Code § 2715.011(A) ("'Probable cause to support the motion' means that it is likely that a plaintiff who files a motion for attachment…will obtain judgment against the defendant.").

[2] Lumenate maintains that this reading of the statute is consistent with the intent of the legislature which exempted corporations from attachment proceedings provided that they are properly registered with the Secretary of State.  *See* Ohio Rev. Code § 1703.20.

Unfortunately, there is no legal authority interpreting Section 2715.01(A)(1). However, this statute was enacted before a variety of alternative business entities were created in legislatures across the county (*i.e.*, limited partnerships, limited liability companies). Accordingly, this Court is impressed by the logic of the argument that the statute refers to all business entities, and not strictly corporations. Still, in an abundance of caution, and absent case law authority supporting the Court's reasoning, the Court strictly construes the statutory language and finds that Lumenate is not exempt from attachment because it is a limited partnership, not a corporation.

Notwithstanding this finding, Ohio Revised Code Section 1703.20 exempts any corporation from attachment provided that it is registered with the Secretary of State. *Id.* ("A foreign corporation holding an unexpired and uncanceled license…shall not be subject to process of attachment under any law of this state on the ground that it is a foreign corporation nonresident of this state."). Lumenate qualifies as a "resident" of Ohio because it is registered with the Ohio Secretary of State and is subject to service of process through its registered agent in Cleveland, Ohio. *Gen. Motors Corp. v. Fockler*, 600 N.E.2d 338, 342 (Ohio App. 1991) (recognizing that the definition of "resident" depends upon the history and context of the statute).[3] *See also* Black's Law Dictionary (10th ed. 2014) ("[A] resident is not necessarily either a citizen or a domiciliary.").[4]

---

[3] The purpose behind these statutes was to encourage foreign businesses to come to Ohio and do business without fear of having their assets attached when they find themselves in a dispute with an Ohio plaintiff. (4/18/16 Transcript at 32).

[4] DPS fails to offer any authority that a resident must be a domiciliary.

Moreover, Lumenate maintains a place of business in Ohio and has offices and dozens of employees in Ohio. (4/18/16 Transcript at 31). Accordingly, Lumenate is a foreign corporation exempt from attachment pursuant to Section 1703.20.

### B. Probable Cause

Probable cause is evidenced if "it is likely that [the] plaintiff …will obtain judgment against the defendant." Ohio Rev. Code § 2715.011(A).

Here, an arbitrator awarded DPS the sum of $4,141,927 against Lumenate. However, the arbitrator found that DPS and Scott Nesbitt breached the parties' APA before they purported to accelerate the parties' $4.5 million Promissory Note. Moreover, this Court vacated the award, finding that the arbitrator lacked jurisdiction over DPS's counterclaim. (Case No. 1:16cv387, Doc. 15 at 11). Accordingly, the Court cannot find on this current record that it is "likely" that DPS will obtain a judgment for the sum of $4,141,927. The issue is scheduled for trial on December 12, 2016. (Case No. 1:14cv740, 6/2/16 Notice of Hearing).

### IV. CONCLUSION

DPS has not met its heavy burden of establishing by clear and convincing evidence its entitlement to the extraordinary relief of prejudgment attachment. Accordingly, Plaintiff's motion for prejudgment attachment (Doc. 5) is **DENIED**.

**IT IS SO ORDERED**.

Date: 6/6/2016            _/s/Timothy S. Black_____
                          Timothy S. Black
                          United States District Judge